## In re DE VAULT.

Court of Appeals of District of Columbia.

Submitted January 15, 1929. Decided February 4, 1929.

No. 2104.

Paul Carpenter, of Chicago, Ill., and J. T. Basseches, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Board of Appeals.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decision of the Board of Appeals affirming the action of the examiner in refusing to allow claims 8, 10, 11, 12, 13, 14, and 16, of an application for the reissue of appellant's patent No. 1,355,543, dated October 12, 1920. Claims 1 to 7, 9, and 15 of the application were allowed.

Claim 8 is illustrative, and reads as follows:

"8. In a device of the character described, in combination, rotatable driving means and rotatable means driven thereby arranged for intermittent movement therebetween, said means including driving engaging portions and locking engaging portions therebetween, the driving means including portions engaging said locking portions to prevent independent movement of the second mentioned means during a predetermined portion of the cycle devoted to rest and wholly out of engagement during another portion of the cycle devoted to rotation."

The appealed claims were rejected upon the following references: Steiger, 442,404, December 9, 1890; Menard, 1,268,750, June 4, 1918; Morton, 1,361,168, December 7, 1920; Schustek, 1,018,991, February 27, 1912.

The invention is claimed as an improvement in intermittent gearing for motion picture apparatus wherein the picture film is fed across the light gate in step with the light shutter so that the film is moved only when the light is shut off, thereby reducing the flickering of the object projected upon the screen. To further break up this period of interrupted light, it is proposed to move the film across the light gate for a portion of the distance and cutting off the light with each partial movement, whereby greater accuracy becomes necessary in timing the movement of the film, particularly at the beginning and ending of the movement.

Appellant concedes that his construction has the essential elements present in common intermittent gearing for motion picture apparatus, that is, the essentials of a Geneva

gear which includes a driven member in shape of a Maltese cross, and a driving member having uniform rotation therewith, including a pin engaging the slots of the Maltese cross to give the driven member mounted upon the shaft thereof intermittent movement, together with a camming surface about the periphery of the Maltese cross holding the same stationary when brought to a rest.

Appellant claims as his invention the formation of the slot in the Maltese cross wheel with ellipsoidal approach walls, and with a tip portion adapted to engage the offset portion of the actuating pin at its cylindrical part for the driving movement, and an extension portion at its flattened surface to prevent independent movement as the pin passes in and out of the slot, whereby instantaneous starting and stopping of the parts will be effected.

It was held by both the examiner and the Board that the appealed claims should be rejected as follows: Claim 8 on the patent to Steiger, Menard, and Morton; claim 10 as unwarranted by the disclosure, and also on the patents to Menard or Morton; claims 11 and 12 on the patent to Steiger, the latter claim being also held to be inaccurate; claim 13 as indefinite, and also apparently on either the patent to Menard or Morton; and claims 14 and 16 as being misleading, and as reading upon the patent to Schustek. A comparison of the appealed claims with the cited references constrains us to agree with these conclusions, and we find it unnecessary to restate the grounds set out in the decisions of the lower tribunals in support thereof.

The decision of the Board of Appeals is affirmed.